## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                                        No. CR 11-2784 JB

JOHN WILLIAMSON

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion for Release Pending, filed January 28, 2013 (Doc. 118)("Release Motion").  The Court held a hearing on February 22, 2013.  The primary issues are: (i) whether Defendant John Williamson has proven by clear-and-convincing evidence that he is not a flight risk and that he does not present a danger to any other person or to the community, because, since his release on his own recognizance, he has complied without problem with the Court's terms of release; (ii) whether it was error to fail to provide the jury at trial with a separate good-faith defense instruction, given that Williamson was convicted under statutes to which he contends his good-faith belief was exculpatory; and (iii) whether Williamson's contention that he was incompetent to stand trial, given the factual finding of the Honorable Bruce Black, then-Chief United States Court District Judge for the District of New Mexico, that he was competent, raises a substantial question of law or fact which likely will result in reversal, an order for a new trial, or a sentence not including incarceration. The Court will deny the Defendant's Release Motion.  Pursuant to 18 U.S.C. § 3143(b)(1), the Court concludes that Williamson has proven by clear-and-convincing evidence that he does not pose a flight risk or a danger to any other person or the community if released under 18 U.S.C. §

3142(b) or (c).  The Court also concludes, however, that a preponderance of the evidence shows that Williamson's appeal does not present a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced term of imprisonment.  Williamson's contention that Judge Black's decision not to provide the jury a separate instruction based on his asserted good-faith defense does not present a substantial question of law which, if determined in his favor, will result in acquittal, an order for a new trial, or a reduced term of imprisonment.  First, one of the statutes under which Williamson was convicted require *mens rea* of knowingly, rather than willfully, to which his good faith defense is not exculpatory.  Second, although 26 U.S.C. § 7212(a) is a specific intent crime, to which a good faith defense is exculpatory, because the jury instructions as a whole provided an adequate statement of the law and appropriately instructed the jurors on the law, including instructing the jury that it was required to find that Williamson had the specific intent to act unlawfully, even if a good-faith defense provides a defense to either of his convictions, Judge Black's decision not to submit a separate instruction on good faith is not error.  Finally, Judge Black's determination that Williamson was competent to stand trial is not clearly erroneous, and the Court concludes that a preponderance of the evidence shows that Williamson's contention that Judge Black's determination of competency was in error also fails to raise a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced term of imprisonment.

## PROCEDURAL BACKGROUND

On October 26, 2011, a Grand Jury for the United States District Court for the District of New Mexico filed an Indictment against Williamson, alleging that he corruptly endeavored to

impede the due administration of the Internal Revenue Laws, in violation of 26 U.S.C. § 7212, subdivision (a), and that he knowingly filed a false lien against an employee of the United States, in violation of 18 U.S.C. §1521.  See Indictment at 1-2 (Doc. 2).  He asserts that, before trial, he disclosed his intent to rely on the affirmative defense of good faith to defend Count I charged in the Indictment, filed his proposed jury instructions on May 21, 2012, asserting his good-faith defense, which contended that Plaintiff United States of America had to prove beyond a reasonable doubt that he acted willfully and in bad faith.  See Release Motion ¶ 3, at 2 (citing Defendant's Proposed Jury Instructions, filed May 21, 2012 (Doc. 50)).  Williamson notes that, at the conclusion of his competency hearing, he indicated that he intended to present Dr. Mercedes Marshall's testimony about his delusional disorder to show that he acted in good faith when he filed the liens underlying his criminal charges.  See Release Motion ¶ 3, at 2-3.  The United States objected to his intended good-faith defense and to Dr. Marshall's testimony at trial.  See Release Motion ¶ 4, at 3.  Williamson asserts that, although Judge Black allowed Dr. Marshall's testimony, Judge Black "ultimately refused to instruct the jury on the defense of good faith and determined that Mr. Williamson could not argue to the jury that he acted in good faith in order to negate the elements of the offenses . . . ."  Release Motion ¶ 5, at 3.  After the trial, the jury found Williamson guilty as charged.  See Release Motion ¶ 6, at 3-4.  Williamson's case was subsequently reassigned to the Court on September 14, 2012.  See Notice, filed September 14, 2012 (Doc. 101).

The Court sentenced Williamson to a four-month term of imprisonment, followed by three years supervised release, and ordered Williamson to voluntarily surrender at the facility which the United State Bureau of Prisons designates.  See Release Motion ¶ 7, at 4 (citing

Clerk's Minutes, filed November 15, 2012 (Doc. 111)).   At the sentencing hearing, when Williamson sought a stay of his sentence pending appeal, the Court stated that it was not inclined to stay the sentence pending appeal, but granted Williamson leave to file this motion.   See Release Motion ¶ 8, at 4.   Williamson asserts that the United States Marshalls Service has now directed him to self-report to serve his sentence, and he thus submits this motion to stay his sentence.   See Release Motion ¶ 8, at 4-5.

On January 28, 2013, Williamson filed his Release Motion, requesting that the Court, pursuant to the Fifth and Eighth Amendments of the United States Constitution and 18 U.S.C.  § 3143, permit him continued release pending the appeal and issue an emergency order vacating Williamson's obligation to self-surrender to the United States Marshals Service for the service of his sentence until the conclusion of the appeal.   See Release Motion at 1.   In support of his request, Williamson notes that he has been released on his own recognizance since his arraignment on November 10, 2011, has complied with all conditions of release since that time, has appeared for all court proceedings, and has not posed any danger to the community.   See Release Motion ¶ 2, at 2.   Williamson asserts that the criteria for a defendant's release pending appeal is set out in 18 U.S.C. § 3143, which provides that a defendant should be detained unless the defendant can demonstrate by clear-and convincing-evidence that the defendant is not likely to flee or pose a danger to the community, and that the appeal raises a substantial question of law or fact.   See Release Motion ¶ 10, at 5 (quoting 18 U.S.C. § 3143(b)(1)(A)).   He contends that, for his release, the Court must decide, based on a preponderance of the evidence, that the appeal raises a "substantial" question of law and also decide that, "if the substantial question is determined favorably to the defendant on appeal, that decision is likely to result in reversal or an

order for a new trial of all counts on which imprisonment has been imposed."  Release Motion ¶ 11, at 5-6 (quoting United States v. Affleck, 765 F.2d 944, 946 (10th Cir. 1985)(en banc)).

According to Williamson, knowledge and willfulness were essential elements of the United States' charges against him, and he "consistently alleged that he could defend the charges by negating the elements of knowledge or willfulness by showing that he sought in good faith to comply with the relevant law."  Release Motion ¶ 13 at 6-7 (citing Cheek v. United States, 489 U.S. 192, 201 (1991)).  Williamson argues that good faith means "an honest belief, a lack of malice, and the intent to perform all lawful obligations," and asserts that he has consistently argued that a belief that one is acting in good faith thus need not be rational as long as it is truly held.  Release Motion ¶ 14, at 7 (citing United States v. Lindsay, 184 F.3d 1138 (10th Cir. 1999); United States v. Ratchford, 942 F.2d 702 (10th Cir. 1991)).  He states that he attempted to prove throughout his case that his delusional, irrational, or unreasonably held belief that he was justified in filing the challenged liens could provide a good faith defense by precluding a finding of willfulness.  See Release Motion ¶ 14, at 7.  He asserts that the United States Court of Appeals for the Tenth Circuit has "repeatedly recognized in a myriad of cases involving an allegedly criminally false statement that it is an element of the offense that the false statement was made knowingly and that good faith negates the requisite element of criminal intent."  Release Motion ¶ 15, at 7-8 (citing United States v. Grissom, 44 F.3d 1507, 1512 (10th Cir. 1995); United States v. Migliaccio, 34 F.3d 1517, 1524 (10th Cir. 1994); United States v. Haddock, 956 F.2d 1534, 1547 (10th Cir. 1992), on reh'g in part, 961 F.2d 933 (10th Cir. 1992), and abrogated by United States v. Wells, 519 U.S. 482 (1997); United States v. Ratchford, 942 F.2d at 706-07).  He contends that the Tenth Circuit has also consistently held that "general jury instructions on

wilfulness and intent are insufficient to fully and clearly convey a defendant's good faith defense to the jury," and that Judge Black's refusal to instruct the jury on Williamson's definition of good faith was error, which is likely to result in the reversal of his criminal convictions.  Release Motion ¶ 15, at 8 (quoting United States v. Haddock, 956 F.2d at 1547).

On February 4, 2013, the United States filed the United States' Response to Defendant's Motion for Release Pending (Doc. 118).  See Doc 119 ("Response").  The United States "objects to the defendant's release beyond the voluntary surrender date to be determined by the Bureau of Prisons because the issues cited in his motion do not raise substantial questions of law or fact which are likely to result in a reversal of his convictions or a new trial."  Response at 1.  The United States provides, as background to its response, Williamson's proposed jury instructions and several of the instructions given the jury at his trial, see Response at 3-10, noting at the outset that it objected to Williamson adding willfulness to the false claim of lien charge and to him including a good-faith defense to both charges, see Response at 3.

The United States points out that Williamson's Proposed Instructions Nos. 6 and 9 defined willfully and included willfully as an element of 18 U.S.C. § 1521.  See Response at 3.  The United States asserts that Williamson based his Proposed Instruction No. 9 on the Tenth Circuit Pattern Jury Instruction 2.93, False Statements on Income Tax Returns, given for alleged violations of 26 U.S.C. § 7206(1).  See Response at 3.  According to the United States, § 7206 includes willfulness as an element of the offense, but asserts: "The plain language of § 1521, however, does not include 'willfulness,' and the defendant cited no case law in which 'willfulness' was an element of § 1521."  Response at 3-4.  The United States notes that its Requested Instruction No. 21, which was given to the jury, included the *mens rea* of knowingly

filing a tax lien which the defendant knew was false, or contained a materially false statement or misrepresentation.  See Response at 4.  The United States points out that the jury was also instructed on the definition of knowingly.  See Response at 4.  The United States contends that the jury "instructions on the § 1521 offense were correct statements of the law, and the Court was not required to instruct the jury on the element of willfulness."  Response at 4.

The United States also notes that it objected to Williamson's Proposed Instruction No. 8, which was his elements instruction for violation of 26 U.S.C. § 7212(a), based on his definition of "corruption."  Response at 5.  The United States quotes Williamson's corruption definition: "[T]he defendant's act was done 'corruptly,' that is, that the defendant acted knowingly and dishonestly, with the specific intent to subvert or undermine the due administration of the Internal Revenue Code."  Response at 5 (quoting Defendant's Proposed Jury Instructions, Defendant's Proposed Jury Instruction No. 8).  The United States points out that Williamson cited to the Tenth Circuit Pattern Jury Instructions §§ 2.62 and 2.64, as modified, for his "corruptly" definition.  Response at 5.  The United States contends that Williamson's definition has no basis in the law, as §§ 2.62 and 2.64 are the pattern instructions for violations of 18 U.S.C. § 1503, "Influencing or Injuring Officer or Juror Generally," which defines corruptly in reference to an intent to obstruct justice, whereas, corruptly in the context of 26 U.S.C. § 7212(a) means "to act with intent to secure an unlawful benefit either for oneself or another."  Response at 5-6 (citing United States v. Winchell, 129 F.3d 1093, 1098 (10th Cir. 1997)).  The United States notes that Judge Black's instructions instructed the jury that the elements of § 7212(a) were: "*First*: The defendant in any way corruptly; *Second*: Endeavored to; *Third*: Obstruct or impede the due administration of the Internal Revenue."  Response at 6 (quoting Court's Jury

Instruction as to John S. Williamson, Instruction No. 9, filed August 21, 2012 (Doc. 95)).  The

United States asserts that the Court correctly instructed the jury that corruptly "meant to act with

the intent to gain an unlawful advantage or benefit either for oneself or another."  Response at 6

(quoting Instruction No. 10).

The United States notes that it objected to Williamson's request to instruct the jury on

good faith, which he proposed because of his contention that it is an absolute defense to both

charges, "on the basis that neither of the charged crimes required the United States to prove that

the defendant acted willfully, that is, with the voluntary and intentional violation of a known

legal duty."  Response at 6 (citing Defendant's Proposed Instruction No. 11; United States v.

Cheek, 498 U.S. at 196).  The United States contends that "[w]here willfulness is an element of

proof, it can be negated through an objectively reasonable good faith misunderstanding of the

law, but cannot be negated through mere disagreement of the law.  The good faith theory 'is

essentially a claim that [the defendant] did not act willfully.'"  Response at 6 (internal citations

omitted)(quoting United States v. Kokenis, 662 F.2d 919, 930 (7th Cir. 2011)(citing United

States v. Cheek, 498 U.S. at 196, 202).  The United States asserts that, "a defendant's good faith

belief that he is acting within the law will negate the willfulness element in a tax charge, but a

defendant's good faith belief that the tax laws are unconstitutional or otherwise invalid will not

negate the willfulness requirement in tax statutes."   Response at 7 (citing United States v.

Simkanin, 420 F.3d 397, 410 (5th Cir. 2005)).   The United States argues that Williamson

improperly tried to redefine the intent elements of each charge to argue that a good-faith defense

was applicable.  It asserts:

> Assuming that a good faith defense was available under the correct *mens rea*
> elements for each charge as the Court instructed the jury, a defendant is entitled to

> an instruction on good faith only if the defense is supported by sufficient evidence. <u>Matthews v. United States</u>, 485 U.S. 58 (1988).  However, a defendant is not entitled to such an instruction if there is no factual or legal basis.  <u>United States v. Bryant</u>, 892 F.2d 1466, 1468 (10th Cir. 1989).  Here, assuming there was a legal basis to claim good faith to the charges, the defendant nevertheless lacked a sufficient factual basis.

Response at 7-8.  The United States contends that the Tenth Circuit has held that, to have a factual basis for good faith, the defendant must show ignorance or misunderstanding of the law, neither of which Williamson contends to have had at the time of the alleged crimes.  <u>See</u> Response at 8.  The United States points out that Williamson admitted pretrial that he did not have any misunderstanding of the law's requirements of him, nor did he misunderstand them, but rather "he had a studied belief that the tax laws were unconstitutional or otherwise invalid." Response at 8.  The United States asserts that "[s]uch a belief will not negate the willfulness requirement in tax statutes, nor in statutes requiring the government to prove an intent to defraud, and will not negate the required *mens rea* in the charges for which he was convicted."  Response at 8-9.  The United States further asserts that "the Tenth Circuit has held that district courts are not required to give a separate instruction on good faith in fraud cases where the district court properly instructs the jury on the element of intent 'because a finding of intent to defraud . . . necessarily implies that there was no good faith.'"  Response at 9 (quoting <u>United States v. Bowling</u>, 619 F.3d 1175, 1183 (10th Cir. 2010)).  The United States contends that the jury instruction providing the definition of knowingly sufficiently informed the jury about a possible good-faith defense.  <u>See</u> Response at 10 (citing Instruction No. 13).  The United States asserts that Williamson thus "cannot maintain that an appeal on the basis of the Court's refusal to instruct the jury about his good faith defense raises a substantial question of law or fact likely to result in a reversal of his conviction or in a new trial."  Response at 10.

The United States argues that, under 18 U.S.C. § 3143(A) and (B), it is Williamson's burden to show that his circumstances meet the criteria for release pending appeal.  See Response at 11 (citing United States v. Affleck, 765 F.2d at 946).  It asserts that the Tenth Circuit in United States v. Affleck adopted the approach that the United States Court of Appeals for the Third Circuit set forth in United States v. Miller, 753 F.2d 19, 24 (3d Cir. 1985), for § 3143's analysis whether a court can grant release pending appeal:

> [F]irst, the court must find that the defendant has shown by clear and convincing evidence that the defendant is not a flight risk or does not pose a danger to the safety of any other person or to the community if released under § 3143(b)(1)(A); second, under § 3143(b)(1)(B), that the defendant has established by a preponderance of the evidence that the appeal is not for the purposes of delay, that the appeal raises a "substantial" question of law or fact, and "if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed."

Response at 11-12 (quoting United States v. Affleck, 765 F.2d at 953).  According to the United States, a substantial question is defined as "one of more substance than would be necessary to a finding that it was not frivolous . . . [and] is a 'close' question or one that very well could be decided the other way."  Response at 12 (quoting United States v. Affleck, 765 F.2d at 952).  It asserts that the standard by which the Court should evaluate Williamson's issues is whether the issues raise "close questions or ones that very well could be decided the other way, such that reversal is likely."  Response at 12.

As to the first step of the inquiry, the United States concedes that Williamson has shown by clear and convincing evidence that he is not a flight risk, and does not pose a danger to the safety of others or the community.  See Response at 12.  In regard to the second step, the United States contends that Williamson's appeal will be mainly for delay, and that his appeal fails to

raise substantial questions of law or fact making reveal on appeal likely.  See Response at 12-13.

The United States asserts that, as to the second step, "even if good faith was a legal and factual

defense to the charges for which the defendant was convicted, the Court properly instructed the

jury on the intent elements such that the jury was adequately instructed on the good faith

defense."  Response at 13.  The United States concludes:

> Based on the foregoing, the issue of whether he was denied the ability to mount a
> good faith defense, cited by the defendant in support of his Motion for Release
> Pending, fails to raise substantial questions which, if decided in his favor, are
> likely to result in reversals of his convictions on appeal or in an order for a new
> trial. Based on the Court's instruction on what constituted acting "knowingly",
> and Tenth Circuit case law supporting the adequacy of the instruction on good
> faith, the defendant cannot credibly claim that the issue presents a close question
> or one that very well could be decided the other way, such that reversal is likely.
> On appeal, the United States is entitled to have all factual inferences drawn in its
> favor. See United States v. Isaac-Sigala, 448 F.3d 1206, 1210 (10th Cir. 2006).
> The defendant's request for release pending [appeal] appears to be taken mainly
> for the purpose of delay, and he has failed to carry his burden in demonstrating
> that he should be allowed to remain out on bail pending [appeal].

Response at 13.

On February 12, 2013, Williamson filed his Notice of Appeal.  See Doc. 125.  At the

motion hearing that the Court held on February 22, 2013, Williamson pointed out that, although

the Court retains jurisdiction to consider his Release Motion, the case is now "effectively in the

Court of Appeals for the Tenth Circuit."   Transcript of Hearing at 2:11-16 (taken Feb. 22,

2013)(Pori)("Tr.").[1]  He asserted that he should be released pending his appeal, because his

appeal presents significant issues of law on which he believes he will prevail, at which point he

believes his conviction will be overturned.  See Tr. at 2:16-24 (Pori).  Williamson stated that his

_____

[1] The Court's citations to the transcript of the hearing refer to the court reporter's
original, unedited version.  Any final transcripts may contain slightly different page and/or line
numbers.

position is that, whenever a crime requires the *mens rea* of knowingly for conviction, the crime necessarily includes an intention to act in bad faith, and, when the defendant raises good faith as an affirmative defense to such a charge, the prosecution then bears the burden of proving bad faith intent beyond a reasonable doubt.  <u>See</u> Tr. at 2:25-3:13 (Pori).  He asserted that this principle is the settled state of the law, and he believes that the Tenth Circuit will conclude on his appeal that this legal proposition applies to knowingly filing a false lien.  <u>See</u> Tr. at 3:13-15 (Pori).  He asserted that, the Tenth Circuit is also clear that general instructions on the definition of knowingly are insufficient to instruct the jury on the prosecution's burden to prove bad faith beyond a reasonable doubt.  <u>See</u> Tr. at 3:15-20 (Pori).  He contended that he was entitled to these instructions on good faith, because his theory of the case throughout was that he did not file the liens against the Internal Revenue Service agents in bad faith, but rather in good faith, as he believed it was the only way to recover property that the IRS had taken from him unlawfully.  <u>See</u> Tr. at 3:21-4:3 (Pori).  He added that it is his belief, as he has believed throughout this case, that he suffers from a delusional disorder and his disorder prevented him from possessing the requisite *mens rea* of bad faith intent.  <u>See</u> Tr. at 4:17-5:3 (Pori).  Williamson stated that he believes that, when the Tenth Circuit looks more closely at the record on appeal, it "will find that the trial resulted in the trial of an incompetent defendant."  Tr. at 5:20-24 (Pori).

In response to the Court's question how Williamson's alleged good-faith defense and lack of willfulness differ from the general rule that ignorance of the law is not a defense to criminal conduct, Williamson responded that the Supreme Court of the United States has established that a person who acts purposefully but delusional and/or in an absurd manner cannot knowingly violate the law.  <u>See</u> Tr. at 6:14-7:2 (Court, Pori).  He asserted that, because he was

charged with knowingly filing a false claim, an element of the crime is that he must know that he did something wrong, did something bad, or, in other words, acted in bad faith. See Tr. at 7:5-8 (Pori). His good-faith defense is thus that he did not file a false lien knowing that it was wrong, but rather he thought that it was the proper recourse when faced with what he saw as the IRS illegally seizing his property. See Tr. at 7:8-8:8 (Pori).

The Court asked Williamson, because the Court was assigned to the case only after the trial over which Judge Black presided, what competency proceedings Williamson underwent before the trial. See Tr. at 8:9-15 (Court). Williamson responded that he began undergoing competency proceedings after June, 2012, when he refused to accept a guilty plea with a rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure stipulation to a sentence of probation. See Tr. at 8:16-19 (Pori). He stated that he was examined by a forensic psychologist, who diagnosed him with delusional disorder and, although he is high functioning in almost every facet, she diagnosed that his delusion is focused entirely upon his conviction that "the tax code does not apply to [him]." Tr. at 9:2-10 (Pori). Williamson noted that the forensic psychologist testified to her diagnosis at a contested competency hearing, after which Judge Black determined that Williamson was competent to stand trial. See Tr. at 9:15-10:3 (Pori).

The Court asked the United States, in light of the length and depth of its Response to Williamson's motion, whether Williamson's motion raises issues that are not frivolous, but rather issues that are not clearly decided and may require development from the Court and the Tenth Circuit. See Tr. at 11:21-12:2 (Court). The United States responded that it does believe that "there was need for further development on the issue of the good faith defense, because the bottom line on that is that Judge Black gave an[] instruction that is in conformity with what the

Tenth Circuit requires for a good faith defense."  Tr. at 12:4-8 (Higgins).  The Court asked whether, in light of the Tenth Circuit's guidance encouraging district courts not to instruct juries on willfulness, Judge Black gave the jury instruction on the "blind ignorance defense."  Tr. at 12:9-16 (Court).  The United States answered that Judge Black did not, because he agreed with the United States that there is no requirement that the United States must prove willfulness as part of either of the crimes with which Williamson was charged.  See Tr. at 12:25-13:10 (Higgins, Court).  The United States asserted that the instruction which Judge Black gave on knowingly follows very closely with the Tenth Circuit's holding in United States v. Bowling regarding a good-faith defense to an element requiring the *mens rea* of knowingly.  See Tr. at 13:18-22 (Higgins).  The United States asserted that it believes Judge Black gave the particular instruction in the case because he

> agreed with the Government that willfulness was not an element of proof, but under [Tenth] Circuit case law a good faith defense is available [] only in tax cases [as] they are a special category where ignorance of the law has allowed for good faith defenses, but in the Tenth Circuit it is also an available defense in some of the specific intent to defraud cases.  Now, we didn't have specific intent to defraud in either one of the crimes charged.  We had knowingly and corruptly.  However, I think that what Judge Black did was kind of split the baby.  He does not have an instruction on willfulness, but he did adequately instruct on the good [faith] defense theory.

Tr. at 14:4-17 (Higgins).  The United States asserted that, although good-faith defense is substantially equivalent to an ignorance-of-the-law defense, United States v. Cheek established that the tax code is a unique area of the law in which ignorance of law is a defense, and that willfulness also grew out of the ignorance-of-the-law defense.  See Tr. at 14:21-15:8 (Higgins, Court).  In response to the Court's inquiry in what source Judge Black found his definition of knowingly that he provided to the jury, the United States responded that its understanding was

-14-

that Judge Black created the instruction to apply the Tenth Circuit's holding in <u>United States v. Bowling</u>. <u>See</u> Tr. at 15:9-15 (Court, Higgins). The United States pointed out that its position is that no Tenth Circuit case holds that good faith is a defense to the crimes with which Williamson was convicted, but believed that Judge Black included the knowingly instruction that he did out of caution. <u>See</u> Tr. at 16:9-15 (Higgins).

The Court asked if Judge Black used the United States' proposed jury instruction on the elements of the crimes, and, if so, from what source the United States found its proposed jury instruction. <u>See</u> Tr. at 17:23-18:3 (Court, Higgins). The United States responded that it derived its instruction from case law analyzing 18 U.S.C. §§ 1521 and 7212(a). <u>See</u> Tr. at 18:4-14 (Higgins). In response to the United States' contention that the Court need not review the instructions de novo, the Court asked the United States how it may otherwise make a determination that Williamson cannot show by a preponderance of the evidence that his appeal is not raised for delay, but rather raises a substantial question of law or fact such that reversal is likely. <u>See</u> Tr. at 18:15-19:6 (Higgins, Court). The United States responded that it could not provide an answer to the Court's question. In regard to Williamson's contention that his conviction will be overturned because of his incompetence, the United States noted that there is a lengthy transcript of the competency hearing and the psychologist's report, and asserted further that it believes Judge Black would stand by his determination that Williamson was and still is competent to stand trial. <u>See</u> Tr. at 19:16-24 (Higgins). The United States asserted that the record of Williamson's competency and his substantial history involving his protests of the IRS' taxation of him shows beyond a preponderance of the evidence that there is no substantial question of law or fact such that reversal on his competence issue is likely. <u>See</u> Tr. at 20:12-25

(Higgins).   The Court asked whether the United States knew the standard of review that the

Tenth Circuit requires district courts to use in reviewing either of these issues -- the willfulness

requirement or competency finding -- one being purely legal and the other likely factual, to

which the United States responded that it does not know the standard required.   See Tr. at 21:1-

10 (Court, Higgins).

## LAW REGARDING RELEASE PENDING SENTENCING

18 U.S.C. § 3143(a) provides:

**(b) Release or detention pending appeal by the defendant. -- (1)** Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--

> **(A)** by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

> **(B)** that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--

>> **(i)** reversal,

>> **(ii)** an order for a new trial,

>> **(iii)** a sentence that does not include a term of imprisonment, or

>> **(iv)** a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

18 U.S.C. § 3143(b).   A defendant, therefore, must: (i) prove by clear-and-convincing evidence

that the defendant is not likely to flee, or pose a danger to the safety of any other person or to the

community, if released under 18 U.S.C. § 3142(b) or (c); and (ii) prove by a preponderance of

the evidence that the appeal raises a substantial question of law or fact, which, if determined

favorably to the defendant on appeal, will likely result in reversal or an order for a new trial of all

counts on which imprisonment has been imposed.  See United States v. Affleck, 765 F.2d 944,

953 (10th Cir. 1985)(quoting United States v. Miller, 753 F.2d 19, 23-24 (3d Cir. 1985)).

"[A] 'substantial question' is one of more substance than would be necessary to a finding

than it was not frivolous.  It is a 'close' question or one that could be decided the other way."

United States v. Affleck, 765 F.2d 952 (quoting United States v. Giancola, 754 F.2d 898, 900-

01 (11th Cir. 1985)).   The Tenth Circuit has held that whether a particular question is

"substantial" for § 3143(b)'s purposes must be determined on a case-by-case basis:

> [A] question "which has not been decided by controlling precedent" may not be
> "substantial" under § 3143(b)(2).  For example, an issue may be "so patently
> without merit that it has not been found necessary for it to have been resolved. . . .
> Similarly, there might be no precedent in this circuit, but there may also be no real
> reason to believe that this circuit would depart from unanimous resolution of the
> issue by other circuits." Giancola, 754 F.2d at 901.  In the final analysis, we
> cannot define blanket categories for what will constitute "substantial" questions
> under § 3143(b)(2).  Therefore, whether a particular question is "substantial" must
> be determined on a case-by-case basis . . . .

United States v. Affleck, 765 F.2d at 952.  For the second part of the second prong, the Tenth

Circuit directs:

> A court may find that reversal or a new trial is "likely" only if it concludes that
> the question is so integral to the merits of the conviction on which defendant is to
> be imprisoned that a contrary appellate holding is likely to require reversal of the
> conviction or a new trial.

United States v. Affleck, 765 F.2d at 953 (quoting United States v. Miller, 753 F.2d at 23).  The

defendant bears the burden to show that all of § 3143(b)'s criteria are met.  See United States v.

-17-

Affleck, 765 F.2d at 953.

## RELEVANT LAW REGARDING ADEQUACY JURY INSTRUCTIONS

The standard of review on appeal for timely challenges to a jury instruction is de novo, and the Tenth Circuit reviews the instructions "to determine whether, considering the instructions as a whole, the jury was misled."  United States v. Winchell, 129 F.3d 1093, 1096 (10th Cir. 1997)(citing United States v. Smith, 13 F.3d 14821, 1424 (10th Cir. 1994)).  The Tenth Circuit has stated that they will reverse only where there is substantial doubt the jury was fairly guided:

> If, as a whole, the instructions correctly state the law and provide the jury with an "intelligent, meaningful understanding of the applicable issues and standards," we will not reverse.  United States v. Laughlin, 26 F.3d 1523, 1528 (10th Cir. 1994). In other words, reversal is not appropriate unless we have "substantial doubt that the jury was fairly guided."  United States v. Mullins, 4 F.3d 898, 900 (10th Cir. 1993).

United States v. Winchell, 129 F.3d at 1096.  In United States v. Winchell, the Tenth Circuit instructed that, rather than provide juries with a separate instruction about specific intent, the Tenth Circuit prefers district courts provide to juries instructions informing juries of the *mens rea* element for the particular offense and define each element clearly and accurately:

> [A]s we have previously noted, "instructing in terms of 'specific intent' has been disfavored by the courts because of the confusing and ambiguous nature of such an instruction."  Laughlin, 26 F.3d at 1527 (citing Liparota v. United States, 471 U.S. 419, 433 n.16 . . . (1985)).  Instead, we have endorsed instructions which adequately "apprise the jury of the *mens rea* element of the offense," id. at 1527, and which "define each element of the offense clearly and accurately."  Id. at 1528.

United States v. Winchell, 129 F.3d at 1096-97.

Although "[a] defendant charged with a specific-intent, federal criminal tax offense can negate the element of wilfulness necessary to prove the violation, thereby providing a defense to

-18-

the conduct charged, if the defendant establishes that he or she sought in good faith to comply with the relevant law," United States v. Lindsay, 184 F.3d 1138, 1140 (10th Cir. 1999)(citing Cheek v. United States, 498 U.S. 192, 201 (1991)), "a theory of defense instruction is required only if, without the instruction, the district court's instructions were erroneous or inadequate," United States v. Bowling, 619 F.3d 1175, 1183 (10th Cir. 2010)(quoting United States v. Williams, 403 F.3d 1188, 1195 (10th Cir. 2005)).  "While a defendant is entitled to an instruction on his theory of defense where some evidence and the law supports the theory, such an instruction is not required if it would 'simply give the jury a clearer understanding of the issues.'"  United States v. Bowling, 619 F.3d at 1183-84 (quoting United States v. Williams, 403 F.3d at 1195).  The Tenth Circuit has held that a "separate good faith instruction [i]s not necessary" where an element of the crime with which the defendant is charged, and on which the jury is instructed, "'necessarily implies that there was no good faith.'"  United States v. Bowling, 619 F.3d at 1184-85 (quoting United States v. Chavis, 461 F.3d 1201, 1209 n.1 (10th Cir. 2006)).

In United States v. Bowling, a jury found the defendant guilty of bank fraud, a specific-intent crime, and the Tenth Circuit initially reversed the defendant's conviction and remanded for a new trial, because the judge failed to include a separate good-faith defense instruction.  See United States v. Bowling, 343 F. App'x 359, 364-367 (10th Cir. 2009)(unpublished).  The Tenth Circuit reasoned that, while a theory-of-defense instruction is usually required only if the instructions otherwise are erroneous or inadequate, "[i]n fraud cases . . . we treat a defendant's request for a good faith instruction with some differences. A 'defendant is entitled to a good faith instruction when he has interposed the defense of good faith, has requested the instruction, and when there is sufficient evidence to support it.'"  United States v. Bowling, 343 F. App'x at 364-

365 (quoting United States v. Overholt, 307 F.3d 1231, 1247 (10th Cir. 2002)).  The United

States then filed a petition for rehearing en banc, asking the Tenth Circuit to review its holding in

United States v. Hopkins, 744 F.2d 716 (10th Cir.1984), which requires an additional good-faith

defense instruction sufficient evidence supports the good-faith defense.  The Tenth Circuit,

sitting by panel, but circulating the opinion to all members of the Court of Appeals, granted the

United States' request, and overturned United States v. Hopkins.  See United States v. Bowling,

08-6184, 2009 WL 6854970 (10th Cir. Dec. 23, 2009).  The Tenth Circuit explained its

reasoning for departing from its decision in United States v. Hopkins requiring a separate good-

faith defense instruction in bank fraud cases:

> [W]ith the unanimous concurrence of all our active judges, [] our prior decision in
> United States v. Hopkins, 744 F.2d 716 (10th Cir. 1984)(en banc) is overruled for
> two reasons. First, in the twenty-five years since we issued Hopkins, every one of
> our sister circuits has come to reject the idea that district courts must give a
> separate "good faith" jury instruction in fraud cases.  As they have explained, and
> we agree, a separate good faith instruction is not necessary "because a finding of
> the intent to defraud . . . necessarily implies that there was no good faith." United
> States v. Chavis, 461 F.3d 1201, 1209 n.1 (10th Cir. 2006)(cataloguing the views
> of every other circuit).  Second, while we indicated in Hopkins that failure to give
> a good faith instruction was *per se* reversible error, the Supreme Court has since
> explained that a "trial court's failure to instruct a jury on all of the statutory
> elements of an offense is subject to harmless-error analysis."  Mitchell v. Esparza,
> 540 U.S. 12, 16 (2003)(per curiam); see also Neder v. United States, 527 U.S. 1, 9
> (1999)("[A]n instruction that omits an element of the offense does not necessarily
> render a criminal trial fundamentally unfair or an unreliable vehicle for
> determining guilt or innocence."); Fed. R. Crim. P. 52(a).

2009 WL 6854970, at *1 n.*.  The Tenth Circuit's holding in United States v. Bowling, 619 F.3d

at 1175, in which it concluded that the instructions provided the jury as to the defendant's charge

of bank fraud did not require an additional, separate good-faith defense instruction, was the

Tenth Circuit's first application of this new position in bank fraud cases.

## LAW REGARDING THE DEFENDANT'S COMPETENCY FOR TRIAL

"[T]he criminal trial of an incompetent defendant violates due process."  Cooper v. Oklahoma, 517 U.S. 348, 354 (1996)(quoting Medina v. California, 505 U.S. 437, 453 (1992))(plurality).  See Redden v. Calbone, 223 F. App'x. 825, 830 (10th Cir. 2007)(unpublished)[2]("It is well-settled that the criminal trial of an incompetent defendant violates due process.").  "[T]he criminal trial of an incompetent defendant violates due process." Cooper v. Oklahoma, 517 U.S. at 354 (quoting Medina v. California, 505 U.S. at 453).  See Redden v. Calbone, 223 F. App'x. at 830 ("It is well-settled that the criminal trial of an incompetent defendant violates due process.").  "This 'prohibition is fundamental to an adversary system of justice.'" McGregor v. Gibson, 248 F.3d 946, 951 (10th Cir. 2001)(quoting Drope v. Missouri, 420 U.S. 162, 172 (1975)).  The Supreme Court has thus observed that "[t]he Federal Government and all 50 States have adopted procedures that address the issue of a defendant's competence to stand trial." Medina v. California, 505 U.S. at 447 (plurality)(citing 18 U.S.C. § 4241).  Under 18 U.S.C. § 4241, a defendant or the government may file a motion for a competency hearing at any time after the beginning of prosecutorial proceedings, but before sentencing.  See 18 U.S.C. § 4241(a).  Once such a motion has been filed, the court "shall" grant the motion "if there is reasonable cause to believe that the defendant may presently be suffering

---

[2] Redden v. Calbone is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished opinions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated: "In this circuit, unpublished orders are not binding precedent, . . . and . . . citation to unpublished opinions is not favored . . . .  However, if an unpublished opinion . . . has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision." United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court finds that Redden v. Calbone has persuasive value with respect to a material issue, and will assist the Court in its disposition of this memorandum opinion and order.

from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 8 U.S.C. § 4241(a) (emphasis added).  To assist it at the hearing, the court may order that a psychiatric or psychological evaluation of the defendant be conducted and that a report be filed with the court before the hearing. <u>See</u> 18 U.S.C. § 4241(b).  The Tenth Circuit has discussed that the level of competency to stand trial is not great, and that what the court must analyze is "'whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding - and whether he has a rational as well as factual understanding of the proceedings against him.'" <u>McGregor v. Gibson</u>, 248 F.3d at 952(quoting <u>Dusky v. United States</u>, 362 U.S. 402, 402 (1960)).

  "In a competency hearing, the 'emphasis is on [the defendant's] capacity to consult with counsel and to comprehend the proceedings.'" <u>Medina v. California</u>, 505 U.S. at 448 (plurality)(quoting <u>Pate v. Robinson</u>, 383 U.S. 375, 388 (1966)(Harlan, J., dissenting)). If the court finds the defendant incompetent to stand trial, "the court must order the defendant hospitalized for a reasonable period of time . . . for the purpose of determining whether there is a 'substantial probability' that the defendant will become competent in the foreseeable future." <u>United States v. Deters</u>, 143 F.3d at 580. To prove incompetency to stand trial, the defendant must prove incompetency by a preponderance of the evidence.  <u>See Allen v. Mullin</u>, 368 F.3d 1220, 1239 (10th Cir. 2004)("A substantive competency claim, on the other hand, requires the higher standard of proof of incompetency by a preponderance of the evidence.").  "[D]ue process considerations require suspension of the criminal trial until such time, if any, that the defendant regains the capacity to participate in his defense and understand the proceedings against him."

Medina v. California, 505 U.S. at 448 (citing Dusky v. United States, 362 U.S. 402 (1960)(per curiam)).  Because a finding of incompetence is a factual finding by the district court, the Tenth Circuit will review the finding under a clearly erroneous standard.  See United States v. Branham, 97 F.3d 835, 855 (6th Cir. 1996)("Because a district court's determination of competency is a factual finding we apply a clearly erroneous standard of review."); United States v. Raymer, 941 F.2d 1031, 1039 (10th Cir. 1991)("[W]e review a district court's factual findings under the clearly erroneous standard; our review of the legal principles which guide the district court is de novo.").

## ANALYSIS

The Court will not order Williamson released pending appeal.  The Court concludes that, given Williamson's conduct while on release pretrial and post-conviction, and also based on the United States' concession, Williamson has established by clear-and-convincing evidence that he is not likely to flee, or pose a danger to the safety of any other person or to the safety of the community if released under 18 U.S.C. § 3142(b) or (c).  The Court also concludes, however, that Williamson's appeal, based on Judge Black's decision not to provide a separate good-faith instruction to the jury and based on Judge Black's determination that Williamson was competent to stand trial, does not raise a substantial question of law or fact which will result in reversal or a new trial.

**I.      WILLIAMSON HAS SHOWN BY CLEAR-AND-CONVINCING EVIDENCE THAT HE IS NOT LIKELY TO FLEE, OR TO POSE A DANGER TO THE SAFETY OF ANY OTHER PERSON OR OF THE COMMUNITY, IF RELEASED UNDER 18 U.S.C. § 3142(B) OR (C).**

Following his arraignment on the charges in the Indictment, Williamson was released on his own recognizance, and his release on these terms continues today, until the United States

Probation Office requires him to self-report for his imprisonment sentence.  Throughout this time, Williamson has complied with all the terms of release and has appeared for all court proceedings, and there is no evidence he poses any danger to others or to the community.  The United States concedes as much in its Response: "[T]he United States does not ask the Court to find that the Defendant is either a flight risk or a danger to the community." Response at 12.  The Court therefore concludes that Williamson has established by clear-and-convincing evidence 18 U.S.C. § 3143(b)'s first prong, that he does not pose a flight risk, or a danger to others or to the community.

## II.     A PREPONDERANCE OF THE EVIDENCE DOES NOT SHOW THAT WILLIAMSON'S APPEAL RAISES A SUBSTANTIAL QUESTION OF LAW OR FACT, WHICH WILL RESULT IN REVERSAL OR AN ORDER FOR A NEW TRIAL OF ALL COUNTS ON WHICH IMPRISONMENT HAS BEEN IMPOSED, OR A SENTENCE THAT DOES NOT INCLUDE A TERM OF <u>IMPRISONMENT</u>.

Williamson contends that his appeal "raises a substantial question of law likely to result in the reversal of his criminal convictions because the District Court erred in failing to instruct the jury on his chosen defense of good faith."  Release Motion ¶ 12 at 6.  At the hearing, he also raised as an issue that he seeks reversal based on Judge Black's determination that he was competent to stand trial.  <u>See</u> Tr. at 9:15-10:3 (Pori).  The United States, in response, asserts that, "[b]ased on the Court's instruction on  . . . 'knowingly,' and Tenth Circuit case law supporting the adequacy of the instruction on good faith, the defendant cannot credibly claim that the issue presents a close question or one that very well could be decided the other way, such that reversal is likely."  The Court agrees with the United States, and concludes that Williamson fails to show his appeal raises a substantial question of law or fact.  Williamson's issue about Judge Black's refusal to give a good faith jury instruction is twofold: (i) he contends that knowledge and

willfulness are essential elements to both 26 U.S.C. § 7212(a) and 18 U.S.C. § 1521, to which his good faith defense immunizes him from culpability; and (ii) that Judge Black's refusal to give the jury an instruction about good-faith was thus reversible error.  See Release Motion ¶ 13-15. The United States asserts: "[A]ssuming that a good faith defense was available under the correct *mens rea* elements for each charge," Williamson did not establish factually that he was entitled to a good faith defense, Response at 8, and the Tenth Circuit does not require courts to give a separate instruction on good faith where the court properly instructs the jury on the intent elements, Response at 10.  The Court concludes that, although Williamson's challenge to the adequacy of the jury instructions regarding 26 U.S.C. § 7212(a) may present a close issue of law, his challenge to 18 U.S.C. § 1521 does not, as the *mens rea* element required for that charge is knowingly, and the jury instruction informing the jury about knowingly was a correct statement of law.  Because Williamson was convicted on both Counts 1 and 2, and the Court sentenced him to equal four-month sentences on each count to run concurrently, regardless whether the Tenth Circuit agrees with his challenge to the instructions as to 26 U.S.C. § 26(a), his question does not raise a substantial issue likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment.  The Court also concludes that Judge Black's factual finding that Williamson was competent to stand trial is not clearly erroneous, and thus does not raise a substantial question of law or fact.

**A.     SECTION 1521 OF TITLE 18 OF THE UNITED STATES CODE REQUIRES THAT THE DEFENDANT ACT KOWINGLY, NOT THAT THE DEFENDANT ACT WILLFULLY, AND THE JURY INSTRUCTIONS IFORMING THE JURY ABOUT THE TERM KNOWINGLY PROVIDED THE JURY WITH AN INTELLIGENT, MEANINGFUL UNDERSTANDING OF THE APPLICABLE STANDARDS.**

Williamson is convicted in Count 2 under 18 U.S.C. § 1521.  This statute's plain language requires the *mens rea* element of knowledge only, not, as Williamson may contend, willfulness.  Because a good-faith defense is not exculpatory for a statute requiring knowledge only, the issue whether Judge Black should have included a good-faith defense instruction as to this charge does not present a "'close' question or one that could be decided either way."  United States v. Affleck, 765 F.2d at 952.

**1.     Section 1521 of Title 18 of the United States Code's *Mens Rea* Element is Knowingly.**

Section 1521 of Title 18 of the United States Code provides:

> Whoever files, attempts to file, or conspires to file, in any public record or in any private record which is generally available to the public, any false lien or encumbrance against the real or personal property of an individual described in section 1114, on account of the performance of official duties by that individual, <u>knowing or having reason to know</u> that such lien or encumbrance is false or contains any materially false, fictitious, or fraudulent statement or representation, shall be fined under this title or imprisoned for not more than 10 years, or both.

18 U.S.C. § 1521 (emphasis added).  The plain language of 18 U.S.C. § 1521 makes clear that the requisite *mens rea* for conviction under 18 U.S.C. § 1521, therefore, is that the defendant acted knowingly, as opposed to willfully.  See United States v. Reed 668 F.3d 978, 982 (8th Cir. 2012)(noting that the defendant was "[n]ot challenging th[e] formidable evidence that he <u>knowingly</u> filed a false or fictitious lien . . .").

>        2.    **Instruction No. 11 and Instruction No. 13 Provided The Jury an Intelligent, Meaningful Understanding of the Applicable Standards For 18 U.S.C. § 1521, Including the *Mens Rea* Element is Knowingly.**

The Tenth Circuit has discussed the distinction that the Supreme Court made in <u>Bryan v. United States</u>, 524 U.S. 184 (1998), between the *mens rea* of knowledge and that of willfulness, noting that willfulness is a specific intent crime in which the jury must find that the defendant acted with evil intent, whereas knowledge requires that the defendant acted intentionally or purposefully:

> In <u>Bryan v. United States</u>, 524 U.S. 184 (1998) the Supreme Court addressed the difference between "knowingly" and "willfully," stating that "the term 'knowingly' does not necessarily have any reference to a culpable state of mind or to knowledge of the law." <u>Id.</u> at 192. Because every citizen is presumed to know the law, in a prosecution for a "knowing" violation of the law, the government need only prove that the defendant purposely did the illegal act; it is "unnecessary to adduce specific evidence to prove that 'an evil-meaning mind' directed the 'evil-doing hand.'" <u>Id.</u> at 193. "More is required, however, with respect to ... conduct ... that is only criminal when done 'willfully.'" <u>Id.</u> If "willfulness" is an element, "[t]he jury must find that the defendant acted with an evil-meaning mind, that is to say, that he acted with knowledge that his conduct was unlawful." <u>Id.</u>

<u>United States v. Revis</u>, 229 F.3d 1165, 2000 WL 1174562, at *2 (10th Cir. 2000).

In regard to 18 U.S.C. § 1521, the jury instructions provide that the United States had to prove beyond a reasonable doubt the following:

> *First:* The defendant filed in a public record a false lien or encumbrance;

> *Second:* The lien or encumbrance was filed against the real property of an employee of the United States or an agency of the United States Government;

> *Third:* The lien or encumbrance was filed on account of that employee's performance of official duties; and

> *Fourth:* The defendant <u>knew or had reason to know</u> that such lien or encumbrance was false or contained a materially false, fictitious, or fraudulent statement or representation.

Instruction No. 11 (emphasis added).  The jury instruction that Judge Black provided to the jury

instructing them about the term "knowingly" provides:

> The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.  The prosecution has the burden to show that the defendant acted "knowingly" and not because of a mistake.  Knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was careless or foolish.  Knowledge can be inferred if the defendant was aware of a high probability that his lien was false.
>
> Neither the Defendant's disagreement with the law nor his own belief that the law is unconstitutional -- no matter how earnestly that belief is held -- is a defense to the crimes charged.  It is the duty of all citizens to obey the law regardless of whether they disagree with it.

Instruction No. 13.   Here, the Jury Instructions provided to the jury in Williamson's trial

accurately stated the elements of 26 U.S.C. § 1521, provide an accurate legal definition for

knowingly, and thus do not raise "substantial doubt that the jury was fairly guided."   United

States v. Winchell, 129 F.3d at 1096.  The Court concludes, therefore, that, at least as to 18

U.S.C. § 1521, a preponderance of the evidence shows that Williamson's appeal does not raise a

substantial issue of fact or law.  Moreover, as the Court ordered that the sentences which it

imposes on Williamson as to Counts 1 and 2 are to run concurrently, see Clerk's Minutes at 1,

filed November 15, 2012 (Doc. 111), this individual finding is sufficient for the Court to

conclude that it should deny his request for relief pending appeal, as even reversal on Count 1

under 26 U.S.C. § 7212(a) would not result in a reduced sentence of imprisonment.  Cf. United

States v. Caldwell, 776 F.2d 989, 1006 (11th Cir. 1985)(discussing that under the "concurrent

sentence doctrine," where multiple sentence will run concurrently, "the merits of a challenge to

one count will not be reached where the conviction on another count is valid, so long as no

collateral consequences will flow from the challenged conviction if it is left unreviewed.")(citing

-28-

United States v. Fuentes-Jimenez, 750 F.2d 1495, 1497 (11th Cir.1985); United States v. Montoya, 676 F.2d 428, 432 (10th Cir. 1982)(holding that the Tenth Circuit applies has the discretion to apply "[t]he [concurrent sentences] doctrine  . . . where a defendant receives concurrent sentences on plural counts of an indictment and at least one of the convictions is sustained by an appellate court").

**B.   SECTION 7212(a) OF TITLE 26 OF THE UNITED STATES CODE IS A SPECIFIC-INTENT CRIME, BUT THE INSTRUCTIONS IFORMING THE JURY ABOUT THE ELEMENTS OF 7212(a) PROVIDED THE JURY WITH AN INTELLIGENT, MEANINGFUL UNDERSTANDING OF THE APPLICABLE STANDARDS, AND JUDGE BLACK DID NOT ERR BY DECIDING NOT TO PROVIDE A SEPARATE INSTRUCTION ON GOO-FAITH.**

Williamson is convicted in Count 1 under 26 U.S.C. § 7212(a).  Although this statute in the Internal Revenue Code's criminal chapter does not use the term "willfully," Congress' use of the word "corruptly" has been interpreted to require specific intent beyond knowledge.  The Court concludes, however, the statute does not impose the heightened willfulness requirement imposed under some I.R.C. criminal statutes, as application of § 7212(a) does not relate to any person's interpretation of the complex tax code.  Finally, although a good-faith defense may be exculpatory for 26 U.S.C. § 7212(a), because the Jury Instructions given to the jury required them to find that Williamson acted "with the intent to gain an unlawful advantage or benefit either for [himself] or for another," Instruction No. 10 (emphasis added), the jury's guilty finding is inconsistent with a good-faith defense, and the issue whether Judge Black should have included a good-faith defense instruction as to this charge thus does not present a "'close' question or one that could be decided either way." United States v. Affleck, 765 F.2d at 952.

1.    **Section 7212(a) of Title 26 of the United States Code's** *Mens Rea* **Element is "Corruptly," which, Beyond Knowledge, Requires the Defendant to Have Acted with an Unlawful Intent.**

Section 7212(a) of Title 26 of the United States Code provides:

> **Corrupt or forcible interference.** -- Whoever corruptly or by force or threats of force (including any threatening letter or communication) endeavors to intimidate or impede any officer or employee of the United States acting in an official capacity under this title, or in any other way corruptly or by force or threats of force (including any threatening letter or communication) obstructs or impedes, or endeavors to obstruct or impede, the due administration of this title, shall, upon conviction thereof, be fined not more than $5,000, or imprisoned not more than 3 years, or both, except that if the offense is committed only by threats of force, the person convicted thereof shall be fined not more than $3,000, or imprisoned not more than 1 year, or both. The term "threats of force", as used in this subsection, means threats of bodily harm to the officer or employee of the United States or to a member of his family.

26 U.S.C. § 7212(a). Although § 7212(a) does not by its terms make explicit the *mens rea* required for culpability, it does require that the defendant, corruptly or by force or threats, endeavor to impede administration of tax code. The Tenth Circuit, in United States v. Dowell, 430 F.3d 1100 (10th Cir. 2005), upheld the jury's finding that the defendant violated 26 U.S.C. § 7212(a), where the jury found that the defendant "did so knowingly and intentionally." 430 F.3d at 1110. The Tenth Circuit has construed "corruptly," however, to require that the defendant knowingly intended to secure an unlawful benefit for oneself or another. See United States v. Winchell, 129 F.3d at 1098 ("As used in [§ 7212(a)], corruptly means to act with the intent to secure an unlawful benefit either for oneself or for another."). In United States v. Kelly, 147 F.3d 172 (2d Cir. 1998), a case analogous to Williamson's case here, the United States Court of Appeals for the Second Circuit rejected the defendant's contention that willfulness is a required element of 26 U.S.C. § 7212(a). See 147 F.3d at 176 ("We also reject Kelly's contention that 'willfulness' is a necessary element of section 7212(a) and that the district court should have

instructed the jury accordingly.").  In United States v. Kelly, the Second Circuit held that the jury

instructions relating to § 7212(a) properly instructed the jury about the term "endeavors" where it

construed it to mean conduct done knowingly and intentionally, and thus held that the

instructions given to the jury were accurate statements of the law.  See United States v. Kelly,

147 F.3d at 176-177.  The Second Circuit provided the following analysis:

> In making this argument, Kelly relies upon Cheek v. United States, 498 U.S. 192 .
> . . (1991), which involved 26 U.S.C. §§ 7201 and 7203.  Unlike section 7212(a),
> both of these sections specifically require proof of willfulness. There is no single,
> universal definition of the word "willfully."  See, e.g., United States v. Pomponio,
> 429 U.S. 10, 12 . . . (1976); United States v. Murdock, 290 U.S. 389, 394 . . .
> (1933), overruled in part by Murphy v. Waterfront Commission of New York
> Harbor, 378 U.S. 52, 70 . . . (1964).  Usually, however, the varying definitions
> contain certain common general elements.  When, as here, a court properly
> instructs a jury concerning these elements, it need not usurp the function of
> Congress by inserting the term "willfully" in a statute where Congress saw fit to
> omit it.
>
> The key words in section 7212(a) are "corruptly" and "endeavors." *See*
> United States v. Cioffi, 493 F.2d 1111, 1118-19 (2d Cir.1974)(analyzing similar
> language in Obstruction of Justice Act, 18 U.S.C. § 1503).  The district court
> instructed the jury that
>
>> To act corruptly is to act with the intent to secure an unlawful advantage
>> or benefit either for one's self or for another.
>
> This is a well-accepted definition of the term "corruptly" when used in this
> context.  See United States v. Hanson, 2 F.3d 942, 946-47 (9th Cir.1993) and cases
> cited therein; see also BLACK'S LAW DICTIONARY 414 (4th ed. rev.1968).
>
> The district court then defined "endeavors" as follows:
>
>> It means to knowingly and intentionally act or to knowingly and
>> intentionally make any effort which has a reasonable tendency to bring
>> about the desired result.
>
>> * * * * * *
>
>> A person acts knowingly if he acts intentionally and voluntarily and not
>> because of ignorance, mistake, accident or carelessness.

* * * * * *

Before you can find that the defendant acted intentionally, you must be satisfied beyond a reasonable doubt that the defendant acted deliberately and purposefully, that is, defendant's acts must have been the product of the defendant's conscious objective rather than the product of mistake or accident.

The district court's definition of the proof required for the section 7212(a) violation was as comprehensive and accurate as if the word "willfully" was incorporated in the statute.  See United States v. Barfield, 999 F.2d 1520, 1524-25 (11th Cir.1993)(quoting United States v. Haas, 583 F.2d 216, 220 (5th Cir.1978), cert. denied, 440 U.S. 981 . . . (1979)); United States v. McLennan, 672 F.2d 239, 243 (1st Cir.1982).  We are reluctant, therefore, to add the word "willfully" to section 7212(a), where Congress has seen fit to omit it.  Cf. [United States v. ]Piervinanzi, . . . 23 F.3d [670,] 680 [(2d Cir. 1994)].

Moreover, in view of the district court's correct charge concerning corrupt knowledge and intent, we find no error in the district court's failure to instruct on the irreconcilable theory of good faith.

United States v. Kelly, 147 F.3d at 176-77.  Based on case law interpreting 26 U.S.C. § 7212(a), including the Tenth Circuit's decision in United States v. Dowell, the Court concludes that the requisite *mens rea* is "corruptly," and not, as Williamson contends, willfulness.  To be sure, however, § 7212(a) requires specific intent for conviction, but not the same specific intent as willfulness.  Rather, the specific intent is that the defendant intended to secure an unlawful advantage or benefit either for one's self or for another.

3.    **Section 7212(a) of Title 26 of the United States Code Does Not Require That Williamson Act Willfully, and Because § 7212(a) Does Not Necessarily Involve Interpretation of the Duties Imposed on a Person Because of the Tax Code, the Supreme Court's Heightened Willfulness Standard for Particular Tax Statutes Likely Does Not Apply to this Section.**

The Supreme Court, in Bryan v. United States, discussed the difference between the *mens rea* of knowledge in the context of criminal law generally, where ignorance of the law is

generally not an excuse.  See 524 U.S. at 132 ("As Justice Jackson correctly observed, 'the knowledge requisite to knowing violation of a statute is factual knowledge as distinguished from knowledge of the law.'"); id. at 195 ("[T]he traditional rule [is] that ignorance of the law is no excuse; knowledge that the conduct is unlawful is all that is required.").  The question that the Supreme Court was tasked with deciding was "whether the term 'willfully' in 18 U.S.C. § 924(a)(1)(D) requires proof that the defendant knew that his conduct was unlawful, or whether it also requires proof that he knew of the federal licensing requirement." 524 U.S. at 186.  In other words, the question was whether willfully required the specific intent to violate a law, or whether it required specific intent to violate the particular law with which the defendant was charged. The Supreme Court held that the term 'willfully' in 18 U.S.C. § 924(a)(1)(D) required only specific intent to violate the law and did not require specific intent to violate § 924(a)(1)(D) particularly.  See 524 U.S. at 195 ("Thus, the willfulness requirement of § 924(a)(1)(D) does not carve out an exception to the traditional rule that ignorance of the law is no excuse; knowledge that the conduct is unlawful is all that is required.").  The Supreme Court in Bryant v. United States recognized that the context of a particular statute might change the ignorance-is-no-excuse construction of the knowledge requirement.  See Bryan v. United States, 524 U.S. at 193 ("Thus, unless the text of the statute dictates a different result, the term 'knowingly' merely requires proof of knowledge of the facts that constitute the offense.").  As an example of these "willful violations" which require knowledge of particular laws for criminal conviction, the Supreme Court noted: "In certain cases involving willful violations of the tax laws, we have concluded that the jury must find that the defendant was aware of the specific provision of the tax code that he was charged with violating." 524 U.S. at 194 (emphasis added)(citing Cheek v. United States,

498 U.S. at 201).  The Supreme Court explained:

> The tax cases . . . involved highly technical statutes that presented the danger of ensnaring individuals engaged in apparently innocent conduct.  As a result, we held that these statutes carve out an exception to the traditional rule that ignorance of the law is no excuse and require that the defendant have knowledge of the law.

524 U.S. at 194-95 (internal footnotes, quotations, and alterations omitted).  The Supreme Court concluded that "[t]he danger of convicting individuals engaged in apparently innocent activity that motivated our decisions in the tax cases . . . is not present here because the jury found that this petitioner knew that his conduct was unlawful."  524 U.S.

The heightened willfulness requirement attendant to "certain cases involving willful violations of the tax laws," Bryan v. United States, 524 U.S. at 194, is not at issue in Williamson's appeal, because the tax statute under which he was convicted, as well as the criminal statute at 18 U.S.C. § 1521, require a *mens rea* of knowledge only, not of willfulness. Compare 26 U.S.C. § 7212(a) (imposing criminal liability where a person "endeavors to intimidate or impede any officer or employee . . ."), with 26 U.S.C. § 7202 (imposing criminal liability where "[a]ny person . . . . willfully fails to collect or truthfully account for and pay over [] tax . . .") and with 26 U.S.C. § 7203 (imposing liability where a person "required under this title to pay any estimated tax or tax . . . willfully fails to pay such estimated tax or tax . . ."). Thus, whereas the Supreme Court in Cheek v. United States held that the willfulness requirement in 26 U.S.C. §§ 7202 and 7203 required the prosecution to prove beyond a reasonable doubt that the person charged committed a "voluntary, intentional violation of a known legal duty," 498 U.S. at 201, Williamson's conviction here under statutes requiring only that he acted knowingly likely do not impose such a lofty burden of proof.  See United States v. Dowell, 430 F.3d at 1110 (holding that  "endeavors" under 26 U.S.C. § 7212(a) means that the defendant acts "knowingly

-34-

and intentionally.").  Rather than requiring here, as the Supreme Court did in <u>Cheek v. United States</u>, that Williamson acted willfully, <u>i.e.</u>, that he voluntarily and intentionally violated a known legal duty, the United States was only required to prove that he acted knowingly, <u>i.e.</u>, that he voluntarily and intentionally performed the acts for which he was convicted, regardless whether he knew of the particular laws under which he was convicted and specifically intended for his acts to violate those laws.  Moreover, given the Supreme Court's statement of the legal requirements to establish that a defendant acted "knowingly," it is possible the United States only had to establish that Williamson "purposely did the illegal act; it is 'unnecessary to adduce specific evidence to prove that 'an evil-meaning mind' directed the 'evil-doing hand.'"  <u>United States v. Revis</u>, 2000 WL 1174562, at *2 (quoting <u>Bryan v. United States</u>, 524 U.S. at 193).

Williamson's conviction here under 26 U.S.C. § 7212(a) is distinguishable from those cases in which the Supreme Court has imposed the heightened tax-case willfulness requirement, because § 7212(a) does not require understanding the complex tax code.  The policy considerations that weighed on the Supreme Court in <u>Cheek v. United States</u>, and in many of the Supreme Court's tax cases, which caused them to treat willfulness differently in these cases, are not present with regard to 26 U.S.C. § 7212(a) or 18 U.S.C. § 1521.  The Supreme Court in <u>Cheek v. United States</u> ultimately held:

> [I]n a case like this, a defendant's views about the validity of the tax statutes are irrelevant to the issue of willfulness and need not be heard by the jury, and, if they are, an instruction to disregard them would be proper. For this purpose, it makes no difference whether the claims of invalidity are frivolous or have substance. It was therefore not error in this case for the District Judge to instruct the jury not to consider Cheek's claims that the tax laws were unconstitutional.  However, it was error for the court to instruct the jury that petitioner's asserted beliefs that wages are not income and that he was not a taxpayer within the meaning of the Internal Revenue Code should not be considered by the jury in determining whether Cheek had acted willfully.

498 U.S. at 206-07.  The Supreme Court reasoned that, for purposes whether a defendant's objectively unreasonable belief negates willfulness, there is a legal difference between "[c]laims that some of the provisions of the tax code are unconstitutional . . . . [and beliefs which] arise from innocent mistakes caused by the complexity of the Internal Revenue Code."  Cheek v. United States, 498 U.S. at 206.  The Supreme Court recognized that the policy behind construing

> the willfulness requirement in the criminal provision of the Internal Revenue Code to require proof of knowledge of the law . . . was because in "our complex tax system, uncertainty often arises even among taxpayers who earnestly wish to follow the law," and "it is not the purpose of the law to penalize frank difference of opinion or innocent errors made despite the exercise of reasonable care."

498 U.S. at 205 (quoting United States v. Bishop, 412 U.S. 346, 360-61 (1973)).  Whereas the defendant in Cheek v. United States was convicted under 26 U.S.C. §§ 7202 and 7203 -- "Willful failure to collect or pay over tax," and "Willful failure to file return, supply information, or pay tax" respectively -- which both possibly involve failure to understand the requirements of the "complex tax system," the statutes under which Williamson was convicted here do not involve reading or applying the I.R.C.'s complex tax system.  The tax statute under which Williamson was convicted here -- 26 U.S.C. § 7212(a) -- makes it a crime to corruptly endeavor to intimidate or impede a United States employee charged with administrating the tax code.  It does not require a person to understand how the complex tax system taxes them, or imposes legal duties upon them, but rather makes what is otherwise criminal outside the tax code, obstructing a government agent's lawful pursuit of official duties, unlawful when the officials' duties include administering the tax code specifically.  This law thus does not present the danger inherent in lay persons' attempts to construe the tax code, that is, they do not make criminal "uncertainty," arising from persons who "earnestly wish to follow the law," or otherwise "penalize frank

difference of opinion or innocent errors made despite the exercise of reasonable care." Cheek v. United States, 498 U.S. at 205.  Although perhaps the United States could have charged Williamson with 26 U.S.C. §§ 7202 and 7203, they did not.  They rather charged him with two crimes, one of which is not within the I.R.C., which both criminalize conduct intentionally and voluntarily interfering with United States employees' execution of their official duties, on which interpretation of the duties that the otherwise complex tax system imposes has no bearing.  The Court thus concludes that, to the extent Williamson's good-faith defense that he did not file a false lien knowing that it was wrong, but rather he thought that it was the proper recourse when faced with what he saw as the IRS illegally seizing his property, see Tr. at 7:8-8:8 (Pori), relies on the heightened willfulness requirement attendant to certain tax statutes, that defense does not present a substantial question of law or fact likely to result in reversal, an order for a new trial, or sentence that does not include a term of imprisonment.

   4.   **Under _United States V. Bowling_, Judge Black Did Not Err by Not Providing to the Jury a Separate Instruction on Good Faith, because the Jury Instructions Adequately Informed the Jury of the Elements of the Crime, and because the Instruction Regarding Corruptly Made Conviction Inconsistent with a Good-Faith Finding.**

The Tenth Circuit has noted that, "[w]hile a defendant is entitled to an instruction on his theory of defense where some evidence and the law supports the theory, such an instruction is not required if it would 'simply give the jury a clearer understanding of the issues.'"  United States v. Bowling, 619 F.3d at 1183-84 (quoting United States v. Williams, 403 F.3d at 1195). In United States v. Bowling, the defendant appealed the district court's refusal to "instruct the jury on his good faith theory."  619 F.3d at 1183.  The Tenth Circuit held, first, that "Bowling presented sufficient evidence to support his good faith theory."  619 F.3d at 1184.  Nevertheless,

the Tenth Circuit held: "The district court did not commit reversible error by refusing to give

Bowling's proposed good faith instruction, however, because the instruction he proffered would

have only served to provide additional appreciation of the issues."  619 F.3d at 1184.  The Tenth

Circuit quoted the instructions to the jury, and concluded that the definition of knowingly

provided to the jury was sufficient to inform it of good faith:

> The district court's instructions stated:
>
>> To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:
>>
>> First: the defendant knowingly executed a scheme or artifice to defraud [the bank];
>>
>> Second: [the bank] was a financial institution whose deposits were insured by the [FDIC];
>>
>> Third: the defendant acted with intent to defraud [the bank] in a material manner; [and]
>>
>> Fourth: the defendant placed [the bank] at risk of civil liability or financial loss . . . .
>>
>> A defendant acts with the requisite "intent to defraud" if the defendant acted knowingly and with the specific intent or purpose to deceive, ordinarily for the purpose of causing some financial loss to another or bringing about some financial gain to the defendant.
>>
>> When the word "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident . . . .
>
> The district court more than adequately conveyed - with its use and explanation of the term "knowingly" - that the jury could not find Bowling guilty of bank fraud if the jury found he acted in good faith. A separate good faith instruction was not necessary "because a finding of the intent to defraud . . . necessarily implies that there was no good faith." And, the district court's charge to the jury provided a correct statement of the law.
>
> Bowling argues the intent instruction is too narrow to encompass his theory of

defense. But these instructions are correct and complete as a matter of law. It was not an abuse of discretion to refuse additional instruction on this record.

Accordingly, the district court's decision not to give Bowling's requested good faith instruction was not in error.

United States v. Bowling, 619 F.3d at 1184-85 (internal citations omitted).

Relevant for purposes of Williamson's contention that he should have been allowed a separate good-faith jury instruction, Judge Black's jury instruction regarding 26 U.S.C. § 7212(a) informs the jury of the crime's elements, instructing them that they had to find the following beyond a reasonable doubt: "The defendant in any way corruptly . . . Endeavored to . . . Obstruct or impede the due administration of justice." Instruction No. 9.  The jury instructions provide: "'Endeavor' means to knowingly and intentionally act or to knowingly and intentionally make any effort which has a reasonable tendency to bring about the desired result."  Instruction No. 10 (emphasis added).  They also provide that "[t]o act 'corruptly' is to act with the intent to secure an unlawful advantage or benefit either for oneself or for another."  Instruction No. 10 (emphasis added).

The instructions provided to the jury in Williamson's case here correctly state the law, and are sufficiently similar to those provided in United States v. Bowling to inform adequately inform the jury about a possible good-faith defense.  On the one hand, as the United States points out, United States v. Bowling was a case involving intent to defraud, and the Tenth Circuit's holding that, "because a finding of an intent to defraud . . . necessarily implies that there was no good faith," may limit its applicability here, where Williamson is not convicted of bank fraud and the elements do not include intent to defraud.  Instruction No. 10, however, defines "corruptly" as a specific-intent crime, requiring the United States to prove beyond a reasonable

-39-

doubt that Williamson "act[ed] with the intent to gain an unlawful advantage or benefit either for [him]self or another."  Instruction No. 10.  Thus, whereas the instructions in <u>United States v. Bowling</u> included the instruction on intent to defraud, and "that the jury could not find Bowling guilty of bank fraud if the jury found he acted in good faith," similarly here, the jury could not find that Williamson's act of filing the lien against the United States' employees was in good faith if they found that he had the specific intent required to find him guilty of violating 26 U.S.C. § 7212(a), which they did.  Similarly, instructing the jury in Instruction No. 13, that "disagreement with the law nor his own belief that the law is unconstitutional -- no matter how earnestly that belief is held -- is a defense to the crimes charged," correctly states the law under <u>United States v. Cheek</u>.  <u>See</u> <u>United States v. Cheek</u> ("[A] defendant's views about the validity of the tax statutes are irrelevant to the issue of willfulness . . . .  It was therefore not error . . . to instruct the jury not to consider Cheek's claims that the tax laws were unconstitutional.").  The Court therefore concludes that the jury instructions as a whole correctly stated the law and accurately informed the jury about the law governing the charges against Williamson.  <u>See</u> <u>United States v. Bowling</u>, 619 F.3d at 1183 ("We review instructions as a whole to determine whether they accurately informed the jury of the governing law.")(citing <u>United States v. Pinson</u>, 542 F.3d 822, 831 (10th Cir. 2008)).  A separate jury instruction about a possible good-faith defense, even if applicable, was thus not required.  <u>See</u> <u>United States v. Bowling</u>, 619 F.3d at 1183 ("[A] theory of defense instruction is required only if, without the instruction, the district court's instructions were erroneous or inadequate.").  Williamson's question on appeal -- whether a failure to provide to the jury a separate jury instruction about his good-faith defense -- therefore, does not raise a substantial question of law or fact.

### C. THE COURT CONCLUDES THAT THE ISSUE WHETHER JUDGE BLACK'S DETERMINATION OF WILLIAMSON'S COMPETENTCY WAS CORRECT DOES NOT RAISE A SUBSTANTIAL QUESTION OF LAW OR FACT LIKELY TO RESUT IN REVERSAL OR AN ORDER OF A NEW TRIAL.

"[T]he criminal trial of an incompetent defendant violates due process." Cooper v. Oklahoma, 517 U.S. at 354 (quoting Medina v. California, 505 U.S. at 453). See Redden v. Calbone, 223 F. App'x. at 830 ("It is well-settled that the criminal trial of an incompetent defendant violates due process."). "This 'prohibition is fundamental to an adversary system of justice.'" McGregor v. Gibson, 248 F.3d 946, 951 (10th Cir. 2001)(quoting Drope v. Missouri, 420 U.S. 162, 172 (1975)). The Tenth Circuit has discussed that the level of competency to stand trial is not great, and that what is required is that the Court must analyze "'whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding - and whether he has a rational as well as factual understanding of the proceedings against him.'" McGregor v. Gibson, 248 F.3d at 952(quoting Dusky v. United States, 362 U.S. 402, 402 (1960)). To prove incompetency to stand trial, the defendant must prove incompetency by a preponderance of the evidence. See Allen v. Mullin, 368 F.3d at 1239 ("A substantive competency claim, on the other hand, requires the higher standard of proof of incompetency by a preponderance of the evidence."). Because a finding of incompetence is a factual finding made by the district court, the Tenth Circuit would likely review the finding under a clearly erroneous standard. See United States v. Branham, 97 F.3d at 855 ("Because a district court's determination of competency is a factual finding we apply a clearly erroneous standard of review."); United States v. Raymer, 941 F.2d at 1039 ("[W]e review a district court's factual findings under the clearly erroneous standard; our review of the legal principles which

guide the district court is *de novo*.").

Judge Black, after reading Dr. Mercedes Marshall's Report of Psychological and Competency Evaluation and holding a competency hearing on June 21, 2012, determined that Williamson was competent to stand trial. See Sealed Order Finding Defendant to Stand Trial, filed June 26, 2012 (Doc. 76)("Competency Order"). Judge Black noted that, although Williamson "has some noncomformist beliefs, and suffers from a delusional disorder," based on Williamson's military service, functioning in society, and factors enumerated by Dr. Marshall and covered on cross-examination at the hearing, Williamson was able to understand the nature and consequences of the proceedings against him. Competency Order ¶ 2, at 1-2 (citing United States v. Whittington, 586 F.3d 613 (8th Cir. 2009)(defendant taxpayer unable to admit guilt where evidence against him was overwhelming still found competent to stand trial); United States v. Wolfson, 616 F. Supp. 2d 398 (S.D.N.Y. 2008)(defendant diagnosed with a Bipolar I disorder, manic episodes, delusional thinking, with paranoid and perhaps grandiose delusions nevertheless found competent to stand trial)). As Judge Black notes, Dr. Marshall at the competency hearing went through factors she uses to determine whether a person is competent, and stated that Williamson met many of those factors, including: (i) he was able to orient to person, place, and time; (ii) he was appropriately groomed and dressed; (iii) he was alert, focused, and attentive; (iv) he understood and responded "readily and understandably," to her questions; (v) the information he gave in his answers was coherent and organized; (vi) although there was "some tangential speech," there were no loose associations; (vii) and that the tangential speech was only "when he started talking about the Government and the IRS;" (viii) his memory appeared to be intact; (ix) Dr. Marshall did not notice any cognitive defects; (x) he showed an

adequate range of affective expression; (xi) he exhibited appropriate social awareness, social relatedness, and good social skills; and (xii) he cooperated with Dr. Marshall during the interview.  Transcript of Competency Hearing at 40:4-41:16 (taken June 21, 2012)(Higgins, Williamson), filed June 29, 2012 (Doc. 77).  Based on Judge Black's finding, and based on Dr. Marshall's testimony during the competency hearing, the Court believes it unlikely that, at the time of Williamson's trial, he was "presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he [wa]s unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense . . . ."  18 U.S.C. § 4241.  The Court has also sentenced Williamson and held a sentencing hearing in this matter. The Court found Williamson to appear lucid and reasonable, and Williamson was able to answer the Court's questions coherently.  The Court cannot say that it is likely that, when reviewing Judge Black's competency finding under the clearly erroneous standard of review, the Tenth Circuit will find that Judge Black's conclusion that Williamson was competent was clearly erroneous.  The Court therefore concludes that, as to Williamson's second question raised on appeal -- whether there is a substantial question as to whether Williamson was factually incompetent to stand trial at the time of the trial -- there is not a substantial question of law or fact likely to result in reversal of Williamson's conviction an order for a new trial. Competency is largely a factual issue on which the Tenth Circuit defers greatly to the judge of the district court making the determination.

In conclusion, the Court finds that Williamson has shown by clear-and-convincing evidence that he is does not present a flight risk or a danger to another person or to the community.  The Court also finds, however, that Williamson has failed to show by a

preponderance of the evidence "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial," or a reduced sentence, and thus the Court concludes that it should not release him pending determination of his appeal.  18 U.S.C. § 3143(b)(1)(B).

     **IT IS ORDERED** that the Defendant's Motion for Release Pending, filed January 28, 2013 (Doc. 118), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Kenneth J. Gonzales
  United States Attorney
Mary L. Higgins
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Brian Pori
  Assistant Federal Public Defender
Federal Public Defender Office
District of New Mexico
Albuquerque, New Mexico

    *Attorney for the Defendant*